IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CDL MEDICAL TECH, INC., ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 10-1286 |
| ) | |
| US HEARTCARE MANAGEMENT, INC., ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Presently pending before the Court is the motion of Plaintiff, CDL Medical Tech, Inc., for alternative service of Defendant, US Heartcare Management, Inc. ("US Heartcare"). For the reasons that follow, the motion will be granted.

Plaintiff filed a complaint against US Heartcare on September 30, 2010, alleging that it breached an agreement whereby it would perform a minimum number of patient scans in its cardiology practice using nuclear cameras supplied by CDL and pay CDL a fee for each exam performed. The Court's diversity jurisdiction is invoked as CDL is a Pennsylvania corporation with a principal place of business in Pennsylvania, US Heartcare is a New York corporation with a principal place of business in Hauppauge, New York and the amount in controversy, exclusive of interest and costs, is alleged to exceed $75,000.00. Thereafter, as detailed below, Plaintiff made repeated attempts to effectuate service, but was unsuccessful.

On October 6, 2010, Plaintiff sent a letter via Federal Express to the entity identified in the records of the New York Department of State as US Heartcare's appointed agent for purposes of service of process, Sonix Medical Resources ("Sonix"), enclosing the Complaint, Summons, Notice of Lawsuit, Request to Waive Service of Summons, and the Waiver of Service of Summons. The letter was delivered on October 7, 2010, and was refused by the recipient at

the address listed for Sonix. (ECF No. 9 Ex. A.) That same day, Plaintiff sent a second letter to Sonix via First-Class mail again enclosing the Complaint, Summons, Notice of Lawsuit, Request to Waive Service of Summons, and the Waiver of Service of Summons. (ECF No. 9 Ex. B.) The waiver of service was not returned and Plaintiff received no response to this second letter from either Sonix or US Heartcare.

On January 28, 2011, Plaintiff delivered copies of the Summons and Complaint to a private process server. (ECF No. 9 Ex. C.) That same day, the process server attempted service at the address given for Sonix, as registered with the New York Department of State, which is located at the same address listed for US Heartcare. (ECF No. 9 Ex. D.) The process server was unsuccessful. The building directory at the listed address did not contain any reference to US Heartcare or Sonix. (ECF No. 9 Ex. E.)

On February 9, 2011, Plaintiff filed a motion for extension of time to serve US Heartcare in the attempt to locate the residence of Om P. Soni ("Soni"), the Chief Executive Officer of US Heartcare, for purposes of personal service or, in the alternative, to serve process on the New York Department of State in its capacity as the statutory agent for service of process for all New York domestic corporations. (ECF No. 6.) On February 10, 2011, the Court granted Plaintiff's motion for extension of time and ordered that Plaintiff had until April 11, 2011 to serve the summons and complaint on US Heartcare.

Plaintiff indicates that, on February 14, 2011, it attempted to serve the summons and complaint for US Heartcare on the New York Department of State in its capacity as the statutory agent for service of process for all New York domestic corporations. However, Plaintiff was informed that the New York Department of State could not accept service of a summons and complaint for a court located outside of New York.

Thereafter, Plaintiff indicates that it made four attempts to serve Soni at his personal residence as listed in the White Pages on different days of the week and at different times. On February 19, 2011, at approximately 10:45 a.m., the process server utilized the intercom at Soni's personal residence (Soni's home is surrounded entirely by a gate) and spoke with an individual who stated that "Om's not home." (Carvajal Aff., ECF No. 9 Ex. F.) The process server described the nature of his visit and asked over the intercom if he could leave the summons and complaint with the individual at Soni's personal residence. The individual refused to accept service of process. Id. On February 21, 2011, at approximately 4:18 p.m., the process server again was rebuffed by the individual over the intercom at Soni's personal residence. Id.

On February 23, 2011, at approximately 8:11 p.m., another process server arrived at Soni's personal residence, utilized his intercom, and received no reply. (Green Aff., ECF No. 9 Ex. G.) The process server also failed to receive a reply when he visited Soni's personal residence on February 26, 2011 at approximately 5:14 p.m. Id.

On March 10, 2011, counsel for Plaintiff contacted Soni's listed counsel in a recent bankruptcy in an attempt to effectuate personal service on Soni. (ECF No. 9 Ex. H.) However, Plaintiff's counsel never received a response from Soni's listed counsel. On April 11, 2011, Plaintiff filed a motion for alternative service.

Service of Process

Rule 4(e) of the Federal Rules of Civil Procedure provides that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 402 permits defendants to be served "by handing a copy to the defendant" or "by handing a copy … at the residence of the defendant to

3

an adult member of the family with whom he resides." Pa. R. Civ. P. 402(a)(1), (2)(i). Plaintiff brings its motion for alternative service under Pennsylvania Rule of Civil Procedure 430(a), which provides as follows:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).

Under Pennsylvania law, plaintiffs must meet the following three conditions for alternative service:

> One, plaintiff must make a "good faith" effort to *locate* defendant. Grove [v. Guilfoyle], 222 F.R.D. [255,] 256 [(E.D. Pa. 2004)] (emphasis added); Adoption of Walker, 468 Pa. 165, 360 A.2d 603 (1976). Such good faith efforts might include, among other things, inquiries of postal authorities, inquiries of relatives, friends, neighbors, and employees of defendant, and examinations of voter registration records, local tax records, and motor vehicle records. Pa. R. Civ. P. 430(a), note. It is not necessary that plaintiff pursue every method listed in the note to Rule 430(a) in order to satisfy the good faith effort requirement.
>
> Second, once defendant is located, plaintiff must show that she has made practical efforts to serve defendant under the circumstances. Depending on the defendant's situation, circumstances may warrant, for example, visiting the defendant's location on different days of the week, or at different times of day.
>
> Three, if the plaintiff has satisfied the first two steps, the plaintiff's proposed alternate means of service must be reasonably calculated to provide the defendant with notice of the proceedings against him. Clayman v. Jung, 173 F.R.D. 138, 140 (E.D. Pa. 1997); Penn v. Raynor, No. Civ. A. 89-553, 1989 WL 126282, at *4 n. 3, 1989 U.S. Dist. LEXIS 12549, at *10 n.3 (E.D. Pa. Oct. 18, 1989); Kittanning Coal Co. v. International Mining Co., 551 F. Supp. 834, 838 (W.D.Pa.1982).

Calabro v. Leiner, 464 F. Supp. 2d 470, 472-73 (E.D. Pa. 2006) (footnotes omitted).

Plaintiff argues that it has made a good-faith effort to locate US Heartcare by: 1) confirming US Heartcare's address with the New York Department of State; 2) confirming the

address of US Heartcare's appointed agent for purposes of service of process with the New York Department of State; and 3) confirming the address of US Heartcare's Chief Executive Officer through the New York Department of State, the White Pages, and the individual answering the intercom at the personal residence of US Heartcare's Chief Executive Officer. The Court concludes that Plaintiff has met the first condition.

Plaintiff argues that it has undertaken practical efforts to serve US Heartcare by: 1) sending the summons and complaint via federal express to US Heartcare's statutory agent; 2) delivering the summons and complaint via first-class mail to US Heartcare's statutory agent; 3) employing a process server to serve the summons and complaint at the address of US Heartcare's statutory agent, which is located at the same address as US Heartcare; 4) attempting to serve the summons and complaint on the New York Department of State in its capacity as the statutory agent for service of process for all New York domestic corporations; 5) employing a process server to serve the summons and complaint at the personal residence of US Heartcare's Chief Executive Officer on four different occasions at four different times; and 6) contacting US Heartcare's Chief Executive Officer's last known counsel in the attempt to effectuate personal service of process on US Heartcare's Chief Executive Officer. The Court concludes that Plaintiff has met the second condition.

Finally, Plaintiff proposes to serve US Heartcare by: 1) regular and first-class mail to the personal residence of Soni; and 2) posting on the gate surrounding the personal residence of Soni. The Court concludes that these proposals are reasonably calculated to provide US Heartcare with notice of the proceeding against it. Service by publication, for example, has been held to be inappropriate when a defendant's whereabouts are known. United States v. Muhammad, 2009 WL 605996, at *2 (E.D. Pa. Mar. 9, 2009) (citing Mullane v. Central

5

Hannover Bank & Trust Co., 339 U.S. 306, 318 (1950)).  Rather, service by mail and posting are acceptable alternatives.  See Premium Payment Plan v. Shannon Cab Co., 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007).

## O R D E R

AND NOW, this 15th day of April, 2011,

IT IS HEREBY ORDERED that Plaintiff's motion for alternative service (Docket No. 8) is granted, and Plaintiff, CDL Medical Tech, Inc., is permitted to serve US Heartcare Management, Inc. by: (1) regular and first-class mail of the summons and complaint to the personal residence of Om P. Soni; and (2) posting the summons and complaint on the gate surrounding the personal residence of Om P. Soni. Plaintiff shall file an affidavit with the Court attesting to the fact that it has done both.

.

                                              s/Robert C. Mitchell_____
                                              ROBERT C. MITCHELL
                                              United States Magistrate Judge